IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| EMIR JAMES PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 25-04067-CV-C-BP |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER GRANTING THE STATE OF MISSOURI'S MOTION TO DISMISS AND DISMISSING CLAIMS AGAINST THE STATE OF MISSOURI WITHOUT PREJUDICE

Plaintiff, acting pro se, has filed suit against the State of Missouri, the "Board of Curators of Lincoln University," and several officials at Lincoln University, asserting a variety of state and federal claims.[1] The State of Missouri ("the State") has filed a Motion to Dismiss, contending (1) Plaintiff lacks standing, (2) the State is entitled to sovereign immunity, and (3) Plaintiff has failed to state a claim for which relief is granted. The Court (1) agrees Plaintiff lacks standing to assert the federal claims and (2) declines to exercise supplemental jurisdiction over the state claims, so the State's Motion, (Doc. 8), is **GRANTED** and Plaintiff's claims against the State are **DISMISSED WITHOUT PREJUDICE**.[2]

---

[1] Plaintiff also purports to sue up to 20 John Doe Defendants, but he has not identified them and nothing in the Amended Complaint explains who they might be, so the Court disregards them.

[2] The State's discussion of sovereign immunity combines other issues; in addition to state sovereign immunity, it (1) cites cases based on the Eleventh Amendment, which "is one particular exemplification of [sovereign] immunity," *Church v. Missouri*, 913 F.3d 736, 742 (8th Cir. 2019) (quotation omitted), and (2) addresses issues related to the merits. The Court believes Plaintiff's claims against the State are likely barred by the Eleventh Amendment, but it does not address this issue because it is difficult to isolate the Eleventh Amendment issues raised in the State's argument. The Court will instead address the standing issues because "[w]hen faced with jurisdictional issues involving Eleventh Amendment immunity and Article III standing, the Court can decide which to address first." *Minnesota RFL Republican Farmer Lab. Caucus v. Freeman*, 33 F.4th 985, 989 (8th Cir. 2022) (quotation omitted).

## I. BACKGROUND

The Amended Complaint is replete with legal arguments and citations. Understanding Plaintiff's claims requires a discussion of his characterization of various laws; the Court will set forth his characterizations as necessary, but this should not be interpreted as a holding by the Court that they are accurate. The Court will also focus on the Amended Complaint's allegations as they relate to the federal claims Plaintiff has asserted against the State.

Lincoln University "is a historically Black public land-grant university established pursuant to the Second Morrill Act of 1890, with the congressional mandate to ensure equitable access to federally supported higher education for African American students." (Doc. 5, p. 4.)[3] Plaintiff describes the Second Morrill Act of 1890 as providing federal funds for land grant universities, but only to the extent those funds are matched by the State. (*E.g.*, Doc. 5, pp. 2, 4.) If the State does not fully match the federal funds allotted, it will not receive the entire allotment; for instance, in "FY 2024, Missouri appropriated just $10.1 million against a federal eligibility [for Lincoln University] of $14.2 million—creating a $4.1 million mismatch." (Doc. 5, p. 4.) In contrast, Plaintiff alleges the State appropriates sufficient money to obtain the full amount of federal funds available to the University of Missouri. (*E.g.*, Doc. 5, p. 2.)

Plaintiff is a professor at Lincoln University. His claims against the State challenge the State's decision to not appropriate sufficient funds to receive the full amount of federal funds available, thereby depriving Lincoln University of potential funding. He asserts the following federal claims against the State:

---

[3] Some paragraphs in the Amended Complaint are numbered, but not all are. The Court will therefore cite to page numbers from the Amended Complaint. All page numbers for documents filed with the Court are those generated by the CM/ECF system.

| | |
|---|---|
| Count I | Violation of the Second Morrill Act |
| Count IV | Violation of Title VI of the Civil Rights Act |
| Count IX | Violation of the Equal Protection Clause |

In Count V, the Amended Complaint alleges the State's actions violate the Missouri Constitution.[4]

Count I reiterates Plaintiff's allegation that Lincoln University was eligible to receive more than $10.1 million, but it did not receive more than that because the State only appropriated $10.1 million. (Doc. 5, p. 23.) This failing (which Plaintiff asserts violates 7 U.S.C. § 322)[5] allegedly "materially injured Lincoln University's students, faculty, and land-grant mission." (Doc. 5, p. 23.) He seeks an Order requiring the State to "fully fund its statutory match obligations." (Doc. 5, p. 24.)

Count IV asserts a claim under Title VI of the Civil Rights Act, 42 U.S.C. § 2000(d), which provides that no person "shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Plaintiff alleges the State, "through its funding mechanisms and institutional oversight [has] engaged in policies and practices that have produced a racially disparate impact on Lincoln University . . . ." (Doc. 5, pp. 26-27 (emphasis deleted).) The State's decisions not to seek the full amount of matching funds has allegedly led to "chronic underfunding" of Lincoln University. (Doc. 5, p. 27.) He requests, among other things, that the State be required to provide more funds to Lincoln University to make up for "lost" funds and

---

[4] Count VIII seeks injunctive and declaratory relief against the State. However, declaratory judgments and injunctions are forms of relief, not causes of action. Moreover, "the Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts; it is procedural only." *Vaden v. Discover Bank*, 556 U.S. 49, 70 n.19 (2009); *see also California v. Texas*, 593 U.S. 659, 672 (2021). Therefore, Count VIII does not need to be discussed further.

[5] At times, Plaintiff also invokes 7 U.S.C. § 3222.

henceforth appropriate sufficient funds to obtain the full amount of federal matching funds that are available.

Count IX is based on 42 U.S.C. § 1983 and asserts the State is violating the Equal Protection Clause, based on Plaintiff's comparison of the State's treatment of Lincoln University and the University of Missouri. According to the Amended Complaint, the State's decision to make sufficient appropriations to obtain the full amount of federal funding for the University of Missouri but not Lincoln University demonstrates a pattern of racial discrimination, given Lincoln University's status as a Historically Black College or University ("HBCU"). (Doc. 5, pp. 32-33.) Similar to the other counts discussed above, Plaintiff seeks, among other things, an Order requiring the State "to fund Lincoln University on terms of parity with the University of Missouri" and compensate Lincoln University for past funding shortfalls.

## II.  DISCUSSION

As discussed more fully below, the Court concludes Plaintiff lacks standing to assert his federal claims so they must be dismissed. The Court further concludes that, with the dismissal of the federal claims, it should not exercise supplemental jurisdiction over Count V.

### A.  Standing

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs motions to dismiss for lack of subject matter jurisdiction. "A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (quotation omitted). The State raises a facial challenge to Plaintiff's standing because its arguments are based solely on the Amended Complaint's allegations (and its attachments) and do not rely on material outside the pleadings. *See id*. But in opposing the State's Motion, Plaintiff has provided additional materials, (*see* Docs. 10-1, 10-2, 10-3, 10-4, Doc. 16-2,

Doc. 16-3, Doc. 16-4, Doc. 16-5, and Doc. 16-6); the Court will consider those materials, but they do not help Plaintiff establish he has standing to assert his federal claims.

"[S]tanding consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quotations omitted). Plaintiff cannot satisfy the three components of standing.

### *1. Injury*

An injury must be (1) actual or imminent and (2) concrete and particularized. *Spokeo*, 578 U.S. at 339. "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id*. (quotation omitted). Plaintiff must have "a personal stake in the outcome, distinct from a generally available grievance about government." *Gill v. Whitford*, 585 U.S. 48, 54 (2018). Here, Plaintiff lacks the personal stake necessary to establish an injury. The Amended Complaint extensively discusses Plaintiff's theory that Lincoln University has been underfunded and subjected to decisions that adversely affect its students (who are predominately African-American). However, this is not *Plaintiff's* injury. The Complaint asserts Plaintiff has standing because he is faculty member at Lincoln University and he participated in an internal audit that revealed financial discrepancies, but these allegations do not give him a stake in the State's funding and appropriation decisions. The Complaint also describes Plaintiff as "[a] citizen-taxpayer whose rights to due process and institutional transparency have been disregarded," (Doc. 5, p. 3), but this does not describe a particularized injury; it describes a generalized, undifferentiated, grievance about governmental conduct that will not support standing. *E.g.*, *Carney v. Adams*, 592 U.S. 53, 59-60 (2020); *Lance v. Coffman*, 549 U.S. 437, 439-40 (2007); *United States v. Geranis*, 808 F.3d 723, 728 (8th Cir. 2015).

The closest Plaintiff comes to alleging he has been injured is his single statement that he is "[a]n academic affected by the underfunding of programs, grants, and salaries directly tied to land-grant resources." (Doc. 5, p. 3.) However, the Amended Complaint provides no more information and does not explain *how* Plaintiff was affected; thus, the Amended Complaint does not allege a particularized injury.

In his Suggestions in Opposition, Plaintiff primarily emphasizes the harms to Lincoln University. (*See* Doc. 10, pp. 6-9.) Within that discussion, he briefly attempts to personalize those harms by asserting the State's decisions have

> stripped Plaintiff and his colleagues of research stipends and grant-writing support, and eroded job security and retention across departments. These institutional damages directly impair Plaintiff's own duties as a finance professor tasked with research, instruction, and service responsibilities that are financially underpinned by these lost grants. . . . This dereliction has directly harmed Plaintiff's teaching resources, professional development opportunities, and overall workplace conditions . . . .

(Doc. 10, pp. 6-7.) To whatever extent these statements describe legally cognizable injuries, they are not contained in or supported by any allegations in the Amended Complaint, Plaintiff's Suggestions in Opposition, or Plaintiff's Surreply; they also are not supported by any of the materials attached to those filings. Therefore, Plaintiff has not alleged he suffered an injury within the meaning of Article III of the Constitution.

### 2. Traceability and Redressability

The Court addresses the traceability and redressability requirements together because they are related. *E.g.*, *Food & Drug Admin. v. Alliance for Hippocratic Med.*, 602 U.S. 367, 380-81 (2024). The traceability requirement is satisfied if there is a causal connection between the injury and the defendant's conduct. *See, e.g.*, *Bennett v. Spear*, 520 U.S. 154, 162 (1997); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Arc of Iowa v. Reynolds*, 94 F.4th 707, 711 (8th

Cir. 2024). A factual connection, not a legal connection, is required, *e.g.*, *Department of Commerce v. New York*, 588 U.S. 752, 768 (2019); *Bennett*, 520 U.S. at 168-69, but the connection must not be too speculative or attenuated. *E.g.*, *Alliance for Hippocratic Med.*, 602 U.S. at 383, 390-91. Redressability is established if there is "a likelihood that the requested relief will redress the alleged injury." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). These issues are related because, if the Plaintiff's alleged injuries are not fairly traceable to the State, then a judgment against the State is not likely to redress them.

As stated above, the closest Plaintiff comes to alleging an injury is his assertion the State's funding decisions have deprived him of stipends, grants, and other forms of support in his role as a professor. However, the State has no direct role in these matters, and Plaintiff does not allege he has been denied stipends, grants, or other support *because* Lincoln University lacked sufficient funds. Similarly, he provides no basis for concluding that a judgment requiring the State to provide more funding to Lincoln University would result in more stipends, grants, or support *for Plaintiff*. Therefore, even if Plaintiff has sufficiently alleged he suffered an injury, he lacks standing because the supposed injury is not fairly traceable to the State's conduct and is not redressable with a favorable judgment.

### B. Supplemental Jurisdiction Over Count V

Count V asserts a claim against the State based on the Missouri Constitution. The Amended Complaint specifically invokes the Court's authority to resolve federal questions, (Doc. 5, p. 13); furthermore, it does not allege there is diversity of citizenship between the parties or more than $75,000 in controversy. *See* 28 U.S.C. § 1332(a). Therefore, the Court has only supplemental jurisdiction over Count V. *See* 28 U.S.C. § 1367(a). Supplemental jurisdiction is not mandatory, and a court may decline supplemental jurisdiction if it "has dismissed all claims

7

over which it has original jurisdiction . . . ." *Id*. § 1367(c)(3). Here, the Court has original jurisdiction over Counts I, II, and IX, but as discussed above those counts are being dismissed. Accordingly, the Court declines to exercise supplemental jurisdiction over Count V.

### III.  CONCLUSION

The State's Motion to Dismiss, (Doc. 8), is **GRANTED**.  Counts I, IV, and IX are dismissed without prejudice to the extent they are asserted against the State because Plaintiff lacks standing to assert these claims.  The Court declines to exercise supplemental jurisdiction over Count V, so that claim is also dismissed without prejudice to the extent it is asserted against the State.

**IT IS SO ORDERED.**

Date: June 30, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT